## PAYMENT UNDER A BUILDING CONTRACT FROM WHICH THERE WERE DEVIATIONS.

[Circuit Court of Hamilton County.]

THE MOORES LIME CO., v. THE NATIONAL CHEMICAL CO., ET AL.

Decided, June 15, 1907.

*Building Contract—Modification of, by Mutual Agreement—Owners to Pay what the Work was Reasonably Worth—Extent to which the Contract Controls and to which the Contractors are Entitled to their Quantum Meruit—Pleading—Evidence—Failure of Proof under Section 5296 Relating to Variance.*

The changes from the building contract, involved in this case, made by consent of the parties thereto, were not of such a nature as to abrogate the contract and permit a recovery of what the entire work was reasonably worth; on the contrary, it is a case where the estimate should not be excluded, but payment should be made under the contract as far as it can be traced, and for anything beyond it the contractors are entitled to their *quantum meruit.*

GIFFEN, J.; SWING, J., and SMITH, J., concur.

The plaintiff in its petition avers that the defendants, the National Chemical Co. and the firm of Houstler & Fox "entered into various written and verbal contracts and agreements with each other by which the defendants, Houstler & Fox, agreed to do and cause to be done certain work and labor and to furnish certain materials in and about the erection of certain buildings for the use and occupancy of the defendant, the National Chemical Co., in their business and the said National Chemical Co. agreed to pay said Houstler & Fox therefor at prices stipulated in said contracts and agreements"; that said Houstler & Fox have done everything on their part to be done under said contracts and agreements; that a large sum is due thereon to said Houstler & Fox; that it holds two orders in the sum of $1,557.45 drawn by the said Houstler & Fox upon the said National Chemical Co., which the chemical company refuses to pay; and prays for an accounting between the said chemical company and said Houstler & Fox, and that said chemical company be ordered to pay the plaintiff the amount of said orders out of any balance found due to Houstler & Fox.

The defendants, Houstler & Fox, by answer admit the allegations of the petition.

The defendant chemical company admits that it entered into contracts with Houstler & Fox to do certain work and to furnish certain materials in and about the erection of certain buildings, and agreed to pay said Houstler & Fox therefor certain stipulated prices, but denies that Houstler & Fox have done everything on their part to be performed under said *contract*, or that there remains due to said Houstler & Fox a large sum of money or any sum of money, and joins in the prayer of the plaintiff for an accounting.

The cause was referred to Morison R. Waite for the trial of both the issues of law and fact arising therein, and said referee was ordered to report his findings and decision to the court of common pleas.

Trial was had before the referee, the evidence reported in full, and his conclusions of fact and law stated separately, showing a balance due from the National Chemical Co. to Houstler & Fox of $1,438.60, with interest from July 16, 1903, which amount the plaintiff is entitled to recover on its orders aforesaid.

This report was confirmed by the court of common pleas and judgment rendered for the plaintiff. The cause comes into this court on appeal by the chemical company and is submitted upon the report of the referee, including the evidence heard by him. The chief contention arises upon the following finding made by the referee:

"After the making of said contract of October 14, 1902, for the work of the refining house, and before commencing said work and afterwards, the said contract was by mutual agreement of the parties thereto materially modified with respect to the execution of the concrete work on said refining house, and it was agreed by the parties that the said Chemical Co. should pay for the work on said building what it was reasonably worth. Said work was reasonably worth $8 per yard for the first and second stories and $9 per yard for the third story measured in the wall. Said concrete work in said refining house measured in the wall in the first and second stories amounted to 453 yards and in the third story 346 yards."

It is manifest, from the present state of the pleadings, admitting that the work was to be done at a stipulated price, that

the claim is unproved in its general scope and meaning by evidence of an agreement to pay what the work was reasonably worth, which should be deemed a failure of proof within the meaning of Section 5296, Revised Statutes.

The contract of October 14, 1902, provided that Houstler & Fox should receive $5 per cubic yard for the concrete work and the specifications which were made a part of the contract provided that the concrete should be one part cement, three parts sand and four parts broken stone or clean gravel; all materials to be furnished by the contractor. The material modificaiton of the contract consisted in changing the mixture to one part of cement and six parts of sand and gravel. The proof shows that the change was made by direction of the chemical company; that it made a better wall, and cost the contractors more money than a mixture of one to seven of sand and gravel and still more than a mixture of one to seven of sand and broken stone. It is contended, however, by the chemical company that the specifications gave it the option of either broken stone or gravel, but we think not, as this provision was made for the benefit of the contractors and that the choice of material could be exercised by them alone.

The other modifications of the contract, such as mixing the materials in a machine instead of by hand on a board platform, are of minor importance, and the question is whether the change of mixture was such a deviation from the contract as would abrogate it and permit a recovery of what the entire work was reasonably worth. We think not, as the general plan of the building as well as the character of the work to be performed remained the same, the only change being in the material used and the manner of mixing it, which resulted in the use of more cement and required more labor, for which the contractors should be allowed what they were reasonably worth.

The rule is stated in *Robson* v. *Godfrey & Thomas,* 1 Holt's, 236, as follows:

"Where work is done upon a special contract, and for estimated prices, and there is a deviation from the original plan by the consent of the parties, the estimate is not excluded, but is to be the rule of payment, as far as the special contract can be traced;

and for any excess beyond it, the party is entitled to his *quantum meruit.*"

The testimony in this case shows that a mixture of a cubic yard of material composed of one part cement, three parts sand and four parts broken stone would lay twenty-five cubic feet in the wall, and that the same amount of material composed of one part cement and six parts sand and gravel would measure in the wall only sixteen and two-thirds feet and would require nine-fourteenths of a cubic foot of cement more than the mixture of one to seven of sand and stone, which was worth $2.30 per barrel—about forty-three cents.

The account may be stated as follows:

755 mixtures of 1 to 7 of sand and gravel equals 699 cu. yds.
755 mixtures of 1 to 6 "    "    "    "    "    466 "    "

Deficiency occasioned by change of mixture..... 233 "    "

699 cubic yards as per contract at $15..............$3,495.00
Extra cement for 755 mixtures at 43 cents........... 324.65
233 cubic yards each reasonably worth $8.33, equals... 1,941.00

$5,760.65

This amount is $77.35 less than that found by the referee, and his finding should be modified to that extent.

The findings of the referee as to the other disputed items will not be disturbed. As heretofore indicated, the plaintiff is not entitled, under the pleadings as they now stand, to recover more than the stipulated price of $5 per cubic yard, but the pleadings may be amended to conform to the facts and this opinion, when a judgment may be entered confirming the report of the referee as herein modified.

*Charles M. Leslie,* for plaintiff.
*Frank F. Dinsmore,* contra.